
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MWABILU L. NGOYI, )
)
      Plaintiff, )
)
v. )   Civil Action No. 20-0167 (UNA)
)
WASHINGTON HOSPITAL )
CENTER CORPORATION., *et al.*, )
)
      Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's application for leave to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application and dismiss the complaint without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available when a "federal question" is presented or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

The plaintiff, a District of Columbia resident, brings a medical malpractice claim against the Washington Hospital Center Corporation, Owen Schwartz, M.D., and Roshan Martin Bashir, M.D. *See* Compl. ¶¶ 1, 4-7. According to the plaintiff, the hospital is located and does business in the District of Columbia, *id.* ¶ 5, and Dr. Schwartz is licensed and provides health care services in the District of Columbia, *id.* ¶ 6. Dr. Bashir, however, allegedly is now residing in Florida. *Id.* ¶ 1. Although Dr. Bashir is a Florida resident, the plaintiff and the remaining two defendants are District of Columbia residents. For this reason, the plaintiff does not show complete diversity. "When a Court's subject matter jurisdiction is dependent solely on diversity jurisdiction and the Court finds that complete diversity does not exist, the Court must dismiss the suit." *Bush*, 521 F. Supp. 2d at 71 (citing *Fox v. Bd. of Trustees of the State Univ. of N. Y.*, 42 F.3d 135, 140 (2d Cir.1994)) (additional citation omitted).

Accordingly, the Court will dismiss the complaint and this civil action without prejudice for lack of subject matter jurisdiction. A separate order accompanies this Memorandum Opinion.

DATE: January 27, 2020

AMIT P. MEHTA
United States District Judge